UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-024-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ERIC MICHAEL MANUEL | |

### MEMORANDUM RULING

Before the Court is an emergency motion for a reduction in sentence to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by the Defendant, Eric Michael Manuel ("Manuel"). Record Document 95. The Government opposes Manuel's motion. Record Document 97. Manuel has filed a reply and a supplemental memorandum in support of his motion. Record Documents 100 and 102. In addition, Manuel's parents filed a letter supporting his release and detailing a release plan. Record Document 101. For the following reasons, Manuel's motion is denied without prejudice.

### I.  Background

In December 2011, Manuel was arrested after the mother of a fifteen-year old boy reported that an adult male had performed oral sex on her son. Upon further investigation, authorities discovered that Manuel had communicated with at least eighteen minor males[1] convincing them that they were communicating with an adolescent

---

[1] While, for purposes of sentencing, the Government stipulated that Manuel had contact with eighteen boys, it also presented evidence that Manuel's cellular device had images of over 100 boys. Record Document 87 at 5-6.

1

female. Manuel sent the minors sexually explicit images of a female, claiming the images were of the female he was impersonating, and requested and received sexually explicit images of each of the minors. In at least one instance, Manuel threatened to tell the minor's parents if the boy did not send Manuel more images. He engaged in sexual acts with two of the boys.

Manuel was taken into federal custody and indicted in January 2012. In April 2012, Manuel was released on bond and remained out of custody until sentencing. Manuel entered a guilty plea to one count of using a facility in interstate commerce to persuade a minor to engage in criminal sexual acts, and on March 22, 2013, was sentenced to 324 months' imprisonment and fifteen years of supervised release. He is currently housed at the Federal Correctional Institution in Oakdale, Louisiana ("FCI Oakdale"). Manuel's projected release date is December 9, 2035.

Due to COVID-19, Manuel seeks a reduction of his sentence to home confinement, pursuant to 18 U.S.C. § 3582(c). The World Health Organization and the Centers for Disease Control and Prevention ("CDC") have declared a global pandemic related to the spread of the COVID-19 virus, a strand of the novel coronavirus. The CDC has advised that persons over the age of sixty-five and those with certain underlying medical conditions are considered high risk and are particularly susceptible to contracting the virus. In light of this pandemic, the President of the United States has declared a national emergency and many governors have declared public health emergencies. The CDC and

all health authorities have strenuously recommended social distancing as a means of limiting community spread of the virus.

The prison population is particularly at risk due to the conditions of confinement, the close contact of inmates, and the inability to maintain social distancing. Responding to this concern, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, United States Attorney General William Barr issued an April 3, 2020, memorandum instructing the BOP to maximize transfer to home confinement of "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, *The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), https://www.justice.gov/coronavirus (last visited 6/08/2020). The April 3 memo urged the BOP to undertake its review urgently and assess inmates with high risk factors for COVID-19 who would be appropriate candidates for release. If they are deemed good candidates, the Attorney General instructed the BOP to immediately process the respective inmates and to immediately transfer those inmates to their homes, after a fourteen-day quarantine. The BOP responded to confirm the urgency of the situation and announced that it is reviewing all inmates who satisfy the Attorney General's criteria for release. It has committed additional resources to complete this task as quickly as possible.

In this case, Manuel is thirty years old and suffers from Crohn's disease. He contends that the medications he takes for this condition cause him to have a weakened immune system. Manuel asserts that this means he is at high risk of becoming severely ill from COVID-19 and notes that FCI Oakdale has identified him as a high-risk inmate. Manuel argues that his medical condition and the COVID-19 pandemic within a prison setting constitute extraordinary and compelling reasons to warrant his release from BOP, especially given that COVID-19 continues to spread within Manuel's housing unit.

The United States argues that Manuel is not entitled to relief because he has not exhausted the administrative remedies necessary for the Court to exercise jurisdiction under 18 U.S.C. § 3582(c)(1)(A) and grant him compassionate release. Further, to the extent that Manuel seeks release to home confinement, the Court lacks jurisdiction to grant him the requested relief because decisions about where an inmate will serve his or her sentence is a decision reserved to the BOP. The Government does not address the merits of Manuel's motion.

## II. Law and Analysis

### A. Release to Home Confinement

Manuel's motion is titled as a motion "requesting reduction in sentence to home confinement for extraordinary and compelling reasons pursuant to 3582(c)(1)(A)(i) via the CARES Act." Record Document 95. Manuel begins his motion by outlining the BOP's authority to release inmates to home confinement pursuant to the CARES Act and the Attorney General's guidance regarding evaluating and releasing inmates at high risk of

serious complications from COVID-19.[2]  In his reply, Manuel devotes a section of his argument to FCI Oakdale's policies for considering inmates for home confinement. Record Document 100 at 9-10.   To the extent that Manuel's motion seeks relief under the CARES Act, the motion is **DENIED** for lack of jurisdiction.  United States v. Gentry, No. CR 5:03-50033-05, 2020 WL 2131001, at *5 (W.D. La. May 5, 2020) (compiling cases holding that federal district courts lack jurisdiction over requests for release to home confinement under the CARES Act because that decision is reserved to the BOP).

    B.    Exhaustion of Administrative Remedies Under 18 U.S.C. § 3582(c)(1)(A)(i)

Manuel also seeks relief under 18 U.S.C. § 3582(c)(1)(A)(i).  This statute allows for the modification of a term of imprisonment upon a finding that certain extraordinary and compelling reasons warrant a reduction in an inmate's sentence.  As amended by the First Step Act in December of 2018, the compassionate release provision provides:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>     (1) in any case—

---

[2] The CARES Act was the federal government's comprehensive response to the COVID-19 crisis and certain provisions addressed the release of eligible inmates in the prison population.  The CARES Act expanded the BOP's authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement.

Section 3624(c)(2) authorizes the BOP to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.  The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."  18 U.S.C. § 3624(c)(2).  The CARES Act, in turn, provides that if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, as he did on April 3, 2020, the BOP Director may increase the maximum amount of time that a prisoner may spend in home confinement.

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Although sentence reductions under § 3582 historically could be ordered only upon a motion by the Director of the BOP, the First Step Act of 2018 amended the statute to allow prisoners to petition the district courts as set forth above. However, as the statute makes plain, prior to filing a motion for release in the district court, a prisoner must first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of thirty days from the date of the warden's receipt of his request for release, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision is set out in mandatory terms—the district court can

modify a sentence only after the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise. United States v. Alam, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Therefore, this Court should only consider Manuel's motion if he has satisfied one of the aforementioned exhaustion requirements.

The Government asserts that Manuel has failed to satisfy the exhaustion requirement because he has not made a request to "either the Warden or the Office of General Counsel." Record Document 97 at 2. According to the Government, FCI Oakdale verified that Manuel made no administrative request for release. Id. The Government also correctly notes that Manuel's original motion for release states that he "did not file any administrative requests." Record Document 95 at 3. Attached to Manuel's reply, though, is an "Inmate Request to Staff" form dated April 6, 2020 requesting release to home confinement pursuant to the Attorney General's April 3, 2020 memorandum. Record Document 100-1.

Manuel's request does not state that he is seeking home confinement because of the coronavirus nor does it mention compassionate release, but it does mention his health concerns. The response from a staff member states that Manuel is ineligible for release to home confinement because of his offense and further states that Manuel does "not fit the criteria for a compassionate release." Id. Manuel's request seems to be insufficient to satisfy the mandates of § 3582(c)(1)(A) in at least two respects: (1) Manuel makes no

mention of compassionate release but rather seems to be seeking relief from the BOP under the CARES Act and (2) the request was not made to the warden of FCI. Manuel admits as much in his reply by stating that his staff request "precedes an Administrative Remedy" and by again arguing that he should not be required to comply with the administrative remedy procedures before filing his compassionate release motion. Record Document 100 at 2. Because Manuel himself admits that the staff request was not a proper attempt at administrative exhaustion under § 3582(c)(1)(A), his motion is **DENIED without prejudice** for failure to exhaust administrative remedies.

    C.    Extraordinary and Compelling Reasons

Even if Manuel had exhausted his administrative remedies so that his motion was properly before the Court, it would be denied because Manuel's release is not warranted by the § 3553(a) factors. Section 3582(c)(1)(A) would permit a reduction in Manuel's term of imprisonment, subject to consideration of the § 3553(a) factors, if he had exhausted his remedies and the Court determined that extraordinary and compelling reasons warranted a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."

Turning to the Guidelines, U.S.S.G. § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A), explains that a reduction is authorized when the court determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community. Under § 1B1.13 Application Note 1, the following are deemed extraordinary and compelling reasons: (1) defendant's medical condition;[3] (2) defendant's age;[4] (3) family circumstances;[5] or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1(D).

In this case, Manuel relies on the catchall category by arguing that his weakened immune system, combined with the spread of the coronavirus inside FCI Oakdale, constitute the extraordinary and compelling reasons warranting his release. Manuel did not provide any medical records documenting his current medical condition or

---

[3] The defendant must be suffering from a terminal illness, or (1) a serious physical or medical condition, (2) a serious functional or cognitive impairment, or (3) deteriorating physical or mental health because of the aging process, which substantially diminishes the defendant's ability to provide self-care in the prison environment and from which the defendant is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A).

[4] Defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or seventy-five percent of his term of imprisonment, whichever is less. U.S.S.G. § 1B1.13, cmt. n.1(B).

[5] Family circumstances require the death or incapacitation of the caregiver of the defendant's minor child or children or the incapacitation of the defendant's spouse or registered partner where the defendant is the only available caregiver for him or her. U.S.S.G. § 1B1.13, cmt. n.1(C).

medications. However, he did submit the notification he received from the FCI Oakdale warden that the warden considers him to be an inmate at high risk for serious complications from the coronavirus. Record Document 95-1. Manuel supported his claims regarding the seriousness of the spread of coronavirus at FCI Oakdale by citing the Attorney General's April 3, 2020 memorandum naming FCI Oakdale as a facility at the "epicenter" of the coronavirus outbreak within the BOP, news articles stating the same, and with information he provided regarding cases of the virus occurring in his housing unit.

Manuel is correct that under CDC guidelines, immunocompromised individuals are considered to be at higher risk of serious complication from COVID-19.[6] See Ctr. for Disease Control and Prevention, *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 8, 2020). Manuel is also correct that FCI Oakdale has been one of the BOP facilities most impacted by the coronavirus, with at least 180 inmates and 20 staff having contracted the virus and at least seven inmates dying from COVID-19. Assuming arguendo that these factors alone constitute compelling and exceptional circumstances, Manuel's motion must still be denied based on consideration of the § 3353(a) factors.

---

[6] While the Court ordinarily would not accept Manuel's assertion that he is immunocompromised as fact without the support of his medical records, it will in this instance because the BOP, which has knowledge of Manuel's medical condition, determined that he is at high risk for serious complications from the coronavirus.

18 U.S.C. § 3553(a) directs a court to consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . . .

(5) any pertinent policy statement—

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

In this case, the requested reduction in Manuel's sentence does not align with the nature of the offense, the need for the sentence to reflect the seriousness of the offense, or the need to protect the public from further crimes. As the Court explained when imposing a sentence in the middle of the guideline range for his offense, Manuel's crime involved a large number of victims; the victims were minors; he demonstrated an adept use of threats, coercive tactics, and an alter ego to obtain what he wanted from his victims; and he worked at the victims' school, thereby inserting himself into his victims' lives. These facts remain true and—even when weighed against Manuel's lack of criminal

11

history and successes while incarcerated—lead the Court to conclude that a reduction in Manuel's sentence is not appropriate.

Further, a reduction in Manuel's sentence does not comport with the need to impose a sentence within the guideline range or the need to avoid unwarranted sentence disparities among similarly situated defendants. Manuel's offense had a guideline range of 292 to 365 months of imprisonment and a mandatory minimum sentence of ten years of imprisonment. The Court imposed a 324-month sentence. It has been approximately eighty-six months since Manuel's March 2013 sentencing. Therefore, even crediting him with the months served prior to his sentencing, Manuel has served just over a quarter of his imposed sentence. This is far less than the minimum guideline sentence and reducing Manuel's sentence this drastically would create unwarranted sentence disparities between Manuel and similar defendants.

Accordingly, Manuel's motion for release [Record Document 95] is **DENIED without prejudice** for failure to exhaust administrative remedies, and even if the motion was properly before the Court, it would be denied because reducing Manuel's sentence is not warranted by the § 3553(a) factors.

**THUS DONE AND SIGNED** this 18th day of June, 2020.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE